UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOSEA JACKSON,

                Petitioner,

-against-                    23-CV-0538 (LTS)

WARDEN JAIMISON, F.C.I. OTISVILLE,      TRANSFER ORDER

                Respondent.

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner Hosea Jackson ("Jackson"), who is currently incarcerated at F.C.I. Otisville, brings this *pro se* "Petitioner for Writ of Habeas Corpus Under 28 U.S.C. § 2241," seeking to challenge his conviction and sentence in the United States District Court for the Northern District of New York, entered in *United States v. Jackson,* No. 09-CR-0407 (DNH) (N.D.N.Y. Sept. 8, 2011). For the reason set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

    The proper jurisdictional basis for the relief Jackson seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001). Jackson has already challenged this conviction and sentence by filing a Section 2255 motion. That motion was denied on the merits by the district court, and the denial was affirmed on appeal.[1] *United*

---

[1] Jackson also previously filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 in this court. *See Jackson v. Plirer*, No. 21-CV-3163 (S.D.N.Y. Apr. 19, 2021). By order dated April 19, 2021, the Court determined that the proper jurisdictional basis for the relief Jackson sought was Section 2255, recharacterized the application as a second or successive Section 2255 motion, and transferred it to the Court of Appeals for the Second Circuit. ECF 1:21-CV-3163, 3. On July 23, 2021, the Court of Appeals denied the motion because Jackson had not made a *prima facie* showing that the requirements of 28 U.S.C. § 2255(h) were satisfied. No. 21-968 (2d Cir. July 23, 2021).

*States v. Jackson*, No. 13-CV-0930 (DNH) (N.D.N.Y. Aug. 27, 2014), *aff'd*, No. 14-3452 (2d Cir. Feb. 6, 2015).

An application is second or successive when a prior motion was adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize an application as a second or successive Section 2255 motion without providing the movant an opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148. Because Jackson has already filed a Section 2255 motion that was decided on the merits, the Court recharacterizes this application as a second or successive Section 2255 motion.

Before a movant may file a second or successive Section 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Jackson has not indicated that he received authorization from a court of appeals to file this motion. He must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[2] Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996 (*per curiam*), in the interest of justice, the Court transfers this motion to the Court of Appeals for the Second Circuit.

## CONCLUSION

In the interest of justice, the Court transfers this motion under Section 2255 to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano*, 95 F.3d at 122–23 (holding that second or successive Section 2255 motions should be transferred to the appropriate court of appeals). This order closes this case.

---

[2] Jackson must demonstrate that a motion to the Court of Appeals is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(h).

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 13, 2023
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge