UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOSEA JACKSON,

                              Petitioner,

          -against-

WARDEN JAIMISON, F.C.I. OTISVILLE,

                             Respondent.

23-CV-0538 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Hosea Jackson, who is currently incarcerated at F.C.I. Otisville, brought this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241, invoking the savings clause of 28 U.S.C. § 2255(e).[1] Because Petitioner was challenging his conviction and sentence, and he failed to show that a Section 2255 motion was "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), the Court construed his submission as a motion under Section 2255. Petitioner had already challenged his conviction and sentence by filing a Section 2255 motion, however, and that motion had denied on the merits, by order dated February 13, 2023; the Court accordingly transferred his motion to the United States Court of Appeals for the Second Circuit for that court's consideration of whether to authorize Petitioner to file a second or successive Section 2255 motion. (ECF 2.)

      By mandate dated November 17, 2023, the Court of Appeals noted, that after the Court had transferred to the motion, the Supreme Court made clear in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive

---

[1] In limited circumstances, a petitioner may bring a Section 2241 petition under the savings clause if a Section 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003).

§ 2255 motions by filing a § 2241 petition," *id.* at 1864. In his petition, Petitioner asserts that his conviction and sentence should be vacated under the Second Circuit's recent holding in *United States v. Chappelle*, 41 F.4th 102 (2d Cir. 2022), that Hobbs Act robbery is not a "crime of violence" under either the elements clause or enumerated offenses clause of the career offender guidelines. Because *Chappelle* had not been decided at the time he filed his first Section 2255 motion, Petitioner argues that he should be able to use Section 2241 as a means to avoid the bar on second or successive Section 2255 motions. The Court of Appeals remanded this action to this Court with instructions to deny Petitioner's Section 2241 petition as barred by the Supreme Court's decision in *Jones*. (ECF 5.)

Pursuant to the Court of Appeals' November 17, 2023 mandate, the Court therefore dismisses the petition as barred by the Supreme Court's decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023).

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       Chief United States District Judge